[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court on an application for prejudgement remedy dated December 23, 1993, an objection to the application for prejudgment remedy dated March 9, 1993, a motion for discharge or a modification of mechanics lien being pleading 110 and an application for exparte prejudgment remedy being motion 115.00.
The history of this case is that an exparte application for prejudgment remedy, being pleading 115.00 was granted in the original amount of $220,000. Thereafter the parties turned this into a order of January 30th, 1989 (being pleading 114.00) wherein the sum of $40,000 was agreed to be held in escrow in lieu of the $220,000 attachment. The motion for discharge or modification of mechanics lien (#110) was filed prior to that order. The court finds that that order that was entered on June 30, 1989 was dispositive of that motion (#110) and accordingly, that motion is denied. The order on January 30, 1989 remains in full force and effect in this case.
Thereafter the plaintiff filed the instant application dated December 23, 1993 claiming that as a result of the encumbrances listed in his application there is not adequate security for his lien. In addition, the argument is made that the property is worth only $2,775,000 and based on the encumbrances set forth in paragraph 3, of the application there is insufficient security. The application requests a prejudgment remedy in the sum of $180,000 to issue in the form of a garnishment against William M. Mensching and Peter E. Mensching, debtors of the defendant. The request is to garnish the amount owed by the Menschings to the defendants. CT Page 3667
The affidavit of Devito Brothers is signed by its president, James R. Devito. Note that the prejudgment remedy is being sought by. Devito Brothers Incorporated for work allegedly done to the premises.
When the application was filed in this court prior to January 1, 1994 the application complied with the statute. Effective January 1, 1994 a substantial portion of the prejudgment remedy statute has been modified. Public Act 93-431 substantially changes the law of prejudgment remedies. It now requires a court to consider the posting of a bond to require the plaintiff to protect the defendant from damages caused by a P.J.R. and other if actors.
The other factors that are relevant in 93-431 in this case are that the court must take into account any counterclaims or set-off the defendant property owner has. The court also has an obligation in issuing the prejudgment remedy to determine whether there is probable cause that a judgments in at least the amount of the P.J.R. sought will be rendered in favor of the plaintiff taking into account any defenses, counterclaims or set-offs.
This is a new standard as compared to the old standard where we were talking about "probable cause to sustain the validity of the plaintiff's claim." Now this court must find that there is probable cause that a judgment in at least the amount of the P.J.R. sought will be rendered in favor of the plaintiff taking into account any defenses, counterclaims or set-offs.
This court, after a hearing on this case finds that the plaintiff has failed to sustain its burden of proof that such judgment will be rendered in favor of the plaintiff taking into account any defenses, counter claims or set offs.
It is abundantly clear to this court after listening to the witnesses in this case that both sides have substantial claims, one against the other.
The plaintiff's claim in exhibit H is for $63,740. In exhibit I the claim is for $51,000 and in exhibit J, for $53,000 for a total of $167,740. Paid on account as agreed was $18,000. The claim is that the balance due is approximately $150,000.
The defendant claims that work was done in the sum of $189,000 for work that the plaintiff did not complete. Also, the defendant CT Page 3668 claims $1,000 a day as late charges provided for in the agreement from April 17, 1987 through September of 1987 being 151 days or $151,000.
The court having listened to the witnesses, having reviewed the exhibits and listened to arguments of counsel finds that the plaintiff has failed to sustain its burden of proof underpublic act 93-431 and accordingly the prejudgment remedy is denied.
This decision in no way effects the $40,000 prejudgment remedy that had been previously granted by the court as herein before stated.
KARAZIN, J.